UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DESHAWN FARMER,<br><br>        Petitioner,<br><br>   v.<br><br>RICHARD KIRKLAND, Warden<br><br>        Respondent.<br>_____/ | CV F 05-1253 OWW DLB HC<br><br>ORDER VACATING ORDER TO RESPOND TO PETITION AND DIRECTING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>[Court Docs. 10, 11] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on October 3, 2005. By order of January 3, 2006, the Court directed Respondent to submit a response to the petition.[1] (Court Doc. 9.)

     On February 17, 2006, and March 1, 2006, respectively, Petitioner filed a document entitled "Supplemental Brief." (Court Docs. 10, 11.) In his February 17, 2006, filing, Petitioner sets forth facts regarding six separate claims of ineffective assistance of trial counsel. In his March 1, 2006, filing, Petitioner claims that (1) the evidence produced at the trial was insufficient to support the murder and robbery convictions; (2) Detective Guzman's tactics and techniques employed against Petitioner's 11-year-old sister rendered her statements inadmissible as they were a direct result of an illegal detention; and (3) the trial court committed err when it permitted the prosecutor to present hearsay evidence that anonymous informants told police that Petitioner was involved in the robbery/homicide. (Court Doc. 11, at 2-3.)

---

[1] An answer to the petition is currently due on or before April 3, 2006.

1

It appears that Petitioner is attempting to amend his original petition for writ of habeas corpus filed in this case. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Although a responsive pleading has been ordered in this case, it is not yet due and has not been filed in this case.[2] Therefore, Petitioner may amend the petition, at this time. However, Petitioner is advised that he may not attempt to amend the petition piecemeal. An amended pleading must be complete in itself without reference to any prior pleading. Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). As such, the Court will direct the Clerk of Court to send Petitioner a blank § 2254 form, and grant Petitioner the opportunity to amend the petition with the additional claims raised in his supplemental briefing, without reference to the prior petition.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's January 3, 2006, order directing a response to the petition is VACATED;

2. The Clerk of Court is directed to send Petitioner a blank § 2254 form petition;

3. Within thirty (30) days from the date of service of this order, Petitioner shall submit an amended petition; and

4. No response to the amended petition shall be due, unless and until directed by the Court.

IT IS SO ORDERED.

Dated:   **March 10, 2006**              /s/ Dennis L. Beck
3b142a                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Because Petitioner appears to be attempting to amend the petition, the Court will vacate the pending order directing Respondent to submit a response to the petition.