# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DESHAWN FARMER, | CV F 05-1253 OWW DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING, WITHOUT PREJUDICE |
| v. | |
| | [Doc. 42] |
| RICHARD KIRKLAND, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 3, 2005. Petitioner filed an amended petition on April 21, 2006.  (Court Doc. 22.)  Respondent filed an answer to the amended petition on July 7, 2006, and Petitioner filed a traverse on September 29, 2006.

On August 24, 2007, Petitioner file d a motion for an evidentiary hearing, and a motion for the appointment of counsel.[1]  (Court Docs. 42, 43.)  In his motion for an evidentiary hearing, Petitioner contends that because he has raised several claims that are outside the record an evidentiary hearing is necessary.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings

---

[1] The Court has addressed Petitioner's motion for the appointment of counsel by separate order.

1 are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is
2 required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An
3 evidentiary hearing on a claim is required where it is clear from the petition that: (1) the
4 allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of
5 fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103
6 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain
7 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct.
8 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

  The purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute.  In the instant case, the Court has yet to review the instant petition and until a thorough review of the merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an evidentiary hearing is present.[2]  Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.

  Accordingly, the request for an evidentiary hearing is DENIED, without prejudice to renewing it at the appropriate time.

  IT IS SO ORDERED.

  Dated:  **September 20, 2007**          **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] In fact, the Court has simultaneously directed Petitioner to either submit a completed in forma pauperis application or pay the $5.00 filing fee.